Citation Nr: 1546216 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-17 818 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

F. Yankey Counsel


INTRODUCTION

The Veteran served on active duty from May 1962 to July 1970.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In September 2014, the Board remanded the case for further development by the originating agency. The case has been returned to the Board for further appellate action.

The Board notes that in an August 2015 rating decision, the RO granted service
connection for vasomotor rhinitis, claimed as upper respiratory infections. This was a full grant of the benefit sought with regard to that issue. Grantham v. Brown, 114 F .3d 1156 (Fed. Cir. 1997). Thus, it is no longer before the Board for adjudication.

This appeal was processed using the Virtual VA and the Veterans Benefits Management System (VBMS) electronic claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.


FINDINGS OF FACT

1. The Veteran's bilateral sensorineural hearing loss is related to in-service noise exposure.

2. The Veteran's bilateral tinnitus is related to in-service noise exposure.


CONCLUSIONS OF LAW

1. Bilateral sensorineural hearing loss was incurred in active military service. 
38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303, 3.385 (2015).

2. Bilateral tinnitus was incurred in active military service. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303, 3.385 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and to Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014) defined VA's duty to assist a Veteran in the development of a claim. VA regulations for the implementation of the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

The VCAA is not applicable where further assistance would not aid the appellant in substantiating his claim. Wensch v. Principi, 15 Vet App 362 (2001); see 
38 U.S.C.A. § 5103A(a)(2) (Secretary not required to provide assistance "if no reasonable possibility exists that such assistance would aid in substantiating the claim"); see also VAOPGCPREC 5-2004; 69 Fed. Reg. 59989 (2004) (holding that the notice and duty to assist provisions of the VCAA do not apply to claims that could not be substantiated through such notice and assistance). In view of the Board's favorable decision, further assistance is unnecessary to aid the Veteran in substantiating his claims for service connection for bilateral sensorineural hearing loss and bilateral tinnitus.


Legal Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 
7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303.

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza element is through a demonstration of continuity of symptomatology. Barr v. Nicholson, 21 Vet. App. 303 (2007); see Clyburn v. West, 12 Vet. App. 296, 302 (1999). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was "noted" during service; (2) evidence of post- service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. See Hickson, 12 Vet. App. at 253 (lay evidence of in-service incurrence sufficient in some circumstances for purposes of establishing service connection); 38 C.F.R. § 3.303(b). The theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic under 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In relevant part, 38 U.S.C.A. 1154(a) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 
see also Buchanan v. Nicholson, 451 F.3d at 1337 ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence").

"Symptoms, not treatment, are the essence of any evidence of continuity of symptomatology." Wilson v. Derwinski, 2 Vet. App. 16, 19 (1991). Once evidence is determined to be competent, the Board must then determine whether such evidence is also credible. See Layno, supra (distinguishing between competency 
("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted"). 

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

With chronic diseases shown as such in service, or within the presumptive period after service, so as to permit a finding of service connection, subsequent manifestation of the same chronic disease at any later date, however remote, are service-connected unless clearly attributable to intercurrent causes. 38 C.F.R. 
§ 3.303(b). § 3.303(b) does not apply to any condition that has not been recognized as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Specific to claims for service connection, impaired hearing is considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Sensorineural hearing loss is subject to service connection based upon continuity of symptomatology as an "organic disease of the nervous system" under 
38 C.F.R. § 3.309(a). Any other form of hearing loss, such as conductive hearing loss, is not subject to service connection based upon continuity of symptomatology. 
Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Accordingly, in this case, the Veteran's claims of continuity of symptomatology have been considered and addressed.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. 
§ 3.102 (2014); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), (citing Gilbert, 1 Vet. App. At 54).

Analysis

The Veteran contends that he has bilateral hearing loss and tinnitus, related to
constant noise exposure in the Air Force, while working as a jet engine mechanic.

The service medical records are negative for any evidence of hearing loss or
tinnitus. However, service personnel records show that the Veteran's military
occupation specialty was a jet engine mechanic. Accordingly, the Board finds that
considering the places, types, and circumstances of his service, noise exposure in
service is conceded. 38 U.S.C.A. § 1154(a) (2015). In-service incurrence of injury
is therefore met as to acoustic trauma.


It is not in dispute that the Veteran has current hearing loss and tinnitus. The
question is whether the disabilities are related to service. 

The Veteran was afforded a VA audiological examination in April 2010. The Veteran reported noise exposure in service from aircraft engines while working as an aircraft mechanic, without the use of hearing protection. He also reported post-service noise exposure while working as an aircraft mechanic, but with the use of hearing protection. The Veteran also testified during his July 2014 Travel Board hearing that his post-service employment as an aircraft mechanic did not really expose him to much noise because his position was located on the inside and not outside. See July 2014 Travel Board hearing transcript. In addition, the Veteran testified that although he reported that he did not experience tinnitus during his April 2010 examination, he did not understand what the examiner meant by tinnitus, and did not understand that she was referring to his complaints of ringing in the ears, which he was experiencing at that time. See id. 

The examiner diagnosed the Veteran with mild sensorineural hearing loss
bilaterally, and opined that the hearing loss was less likely as not the result of noise
exposure during military service, as the Veteran's hearing was within normal limits
at discharge. The examiner gave no further explanation for is negative opinion
regarding the etiology of the Veteran's diagnosed bilateral hearing loss, and failed
to provide an opinion on his tinnitus, assumably because of the Veteran's negative
reply earlier on in the examination.

Essentially, the examiner opined that, as there was no evidence of hearing loss at
the time of the Veteran's discharge from service, the Veteran's currently diagnosed
bilateral hearing loss was not related to noise exposure in service. The April 2010 examiner did not provide an adequate opinion as to whether the hearing loss identified after service was related to a disease or injury in service or to the Veteran's reported symptomatology. The Board notes that service connection is possible for disabilities first identified after service. 38 C.F.R. § 3.303(d) (2013). Therefore, the absence of service treatment records showing in-service evidence of hearing loss or tinnitus is not fatal to the claims for service connection. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Competent evidence of a current hearing loss disability (i.e., one meeting the requirements of 38 C.F.R. § 3.385, as noted above) and tinnitus, and a medically sound basis for attributing such disability to service, may serve as a basis for a grant of service connection for hearing loss and tinnitus. See Hensley v. Brown, 5 Vet. App. 155, 159 (1993). Furthermore, the examiner failed to give an opinion on the etiology of the Veteran's reported tinnitus due to inaccurate findings. As such, the Board found the examiner's opinion inadequate for evaluation purposes as it related to both disabilities, and determined that a new VA examination and opinion was warranted.

In accordance with the Board's September 2014 remand, the Veteran was afforded another VA audiological examination in June 2015. The Veteran was again diagnosed with bilateral sensorineural hearing loss and was also diagnosed with tinnitus. With regard to the Veteran's hearing loss, the examiner opined that the disability was not at least as likely as not caused by or the result of an event in military service. In rendering his opinion, he noted that audiograms conducted in 1962 (enlistment), 1963, 1965, and 1970 (separation) indicate normal hearing at all frequencies tested. Furthermore, he noted that the Institute of Medicine has stated that there is not sufficient evidence based on longitudinal studies to conclude that hearing loss that appears many years after noise exposure can be causally related to
that noise exposure if hearing was normal immediately after the exposure. He stated further that based on current knowledge of cochlear physiology there is no sufficient scientific basis for the existence of delayed-onset hearing loss. (Noise and Military Service-Implications for Hearing Loss and Tinnitus, Institute of Medicine, National Academy of Sciences, 2006.)

There are some inadequacies in the examiner's opinion. First of all, it is not required that the Veteran have hearing loss noted in service in order to establish entitlement to service connection for hearing loss. Therefore, the examiner's reliance on the Veteran's normal hearing in service and upon discharge as part of the rationale for his negative etiology opinion was inappropriate. Secondly, the Board notes that the Institute of Medicine study that the examiner relied upon to support his opinion does not definitively preclude the existence of delayed-onset hearing loss; instead, it says that "there is not sufficient evidence from longitudinal studies in laboratory animals or humans to determine whether permanent noise-induced hearing loss can develop much later in one's lifetime." This is different from the examiner's statement that there is not sufficient evidence to conclude that delayed onset hearing loss can be causally related to noise exposure if hearing was normal immediately after the exposure. In this regard, stating that there is not enough evidence to determine a circumstance as true or false is different from stating that there is not enough evidence to conclude that something is true. 

With regard to the Veteran's tinnitus, the examiner opined that the disability is less likely as not a result of noise exposure during military service. His rationale was that while there are numerous possible causes of tinnitus, an audiologist can only address the etiology of tinnitus as it relates to auditory system injuries. Without evidence of an objectively verifiable noise injury (hearing loss, significant hearing threshold shift, or other objective evidence of acoustic trauma), the association between claimed tinnitus and noise exposure does not exist. The Board notes that as stated above, the Veteran served as a jet engine mechanic in service for approximately eight years. Therefore, noise exposure and acoustic trauma in service is conceded. 38 U.S.C.A. § 1154(a) (2015). As such, the Board finds that the examiner's conclusion that there was no evidence of a verifiable noise injury which would account for the Veteran's subsequent development of tinnitus is based on inaccurate facts. As the opinion is based on an inaccurate factual premise it is inadequate for evaluation purposes. See D'Aries v. Peake, 22 Vet. App. 97, 104 (2008) (a medical opinion is adequate where it is based upon the Veteran's medical history, examinations, and also describes the disability in sufficient detail); Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (a medical opinion based upon an inaccurate factual premise has no probative value).

The Board finds that for the reasons noted above, the June 2015 VA examiner's nexus opinion lacks probative value, and would not be a sufficient to basis upon which to deny service connection.

Hearing loss and tinnitus are manifested by symptoms that the Veteran is competent to report. The Veteran has consistently reported in statements and on VA examinations that he was exposed to noise during active duty in the Air Force, while working as a jet engine mechanic. Therefore, the Board finds the Veteran's reports are credible. He has also provided competent evidence of a continuity of symptomatology since service regarding both his hearing loss and tinnitus, and credibly asserted that his post-service noise exposure was either limited or with hearing protection. Moreover, while the June 2015 examiner's opinions as to nexus were negative, for the reasons noted above; the Board has found that the opinions are inadequate for evaluation purposes, and thus of limited probative value.

Given that these claims have been remanded once already, further delay would appear unfair to the Veteran, and so, weighing the positive and negative evidence, the Board finds that the evidence is at least in equipoise. Thus, resolving reasonable doubt in the appellant's favor, service connection for bilateral hearing loss and tinnitus are granted. 38 U.S.C.A. § 5107(b) (West 2014).


ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.





____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs